NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 29, 2008*
Decided June 2, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

**No**. 07-2869

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, **v.** CLARENCE HENDRIX, *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 04 CR 757 James B. Zagel, *Judge*. |

**Order**

After we affirmed his conviction, 482 F.3d 962 (7th Cir. 2007), Clarence Hendrix filed in the district court a motion contending that newly discovered evidence calls for a new trial. The district court denied this motion as untimely, and Hendrix has appealed.

Fed. R. Crim. P. 33(b)(1) allows a defendant "3 years after the verdict or finding of guilty" to file a motion for a new trial on the ground of newly discovered evidence. The jury found Hendrix guilty on May 12, 2005. He therefore had until May 12, 2008, to

---

\* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

file a motion under Rule 33(b)(1). His motion, which was filed on May 16, 2007, is timely. The district court did not give any reason for its contrary decision, nor does the prosecutor's brief on appeal supply one.

The prosecutor contends that the motion is substantively deficient because the evidence on which Hendrix relies is not newly discovered and would not justify a new trial even if it were new. But that question should be considered in the first instance by the district court.

The judgment is reversed and the case remanded for a decision on the merits.